[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 28, 1995
The plaintiff, William Pitt Real Estate Limited Partnership, filed a two-count complaint in breach of contract and CUTPA against the defendant, Pierson Smith Commercial Real Estate, Inc. The facts as alleged in the complaint are as follows. The defendant entered into a listing agreement to sell a piece of property owned by The Guernsey Realty Company. During the term of this listing agreement, the defendant co-brokered the property with all of the commercial real estate brokers in lower Fairfield County, agreeing to pay a real estate fee to any broker who brought about a sale of the property. A broker with the plaintiff brought about the sale of the property to Clearwater Plaza Limited Partnership.
The defendant has filed a motion to strike (#108) the plaintiff's complaint on the grounds of lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted because there is no written agreement.[1] "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOCGroup, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . ." S.M.S. Textile v. Brown,Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v.BOC Group, Inc., supra, 224 Conn. 215. CT Page 2510-L
The defendant contends that the plaintiff lacks standing because General Statutes § 20-325a(b) bars a suit on an unwritten listing agreement, and that the complaint is legally insufficient because the plaintiff has not alleged the existence of a written co-brokerage agreement. The defendant further argues that since suit is barred by § 20-325a(b) the plaintiff may not circumvent that bar by recovering under CUTPA. The plaintiff maintains that § 20-325a(b) is inapplicable to co-brokerage agreements.
General Statutes § 20-325a(b) provides in pertinent part that "[n]o person, licensed under the provisions of this chapter, shall commence or bring any action in respect to any acts done or services rendered after October 1, 1971, as set forth in subsection (a), unless such acts or services were rendered pursuant to a contract or authorization from the person for whom such acts were done or services rendered. To satisfy the requirements of this subsection any such contract or authorization shall (1) be in writing, (2) contain the names and addresses of all the parties thereto, (3) show the date on which such contract was entered into or such authorization given, (4) contain the conditions of such contract or authorization and (5) be signed by the owner or an agent authorized to act on behalf of the owner only by a written document executed in the manner provided for conveyances in section 47-5, and by the real estate broker or his authorized agent."
The Appellate Court has determined that "[t]he contract referred to in the statute must be `from the person for whom such acts were done or services rendered.' It is not a logical interpretation to assume that this language refers to a listing broker retaining a co-broker." Conda v. Christiansen, 11 Conn. App. 557,564, 528 A.2d 1159 (1987). Accordingly, the Appellate Court held that "an agreement between brokers is not subject to the requirements of the statute."
The defendant argues that the Connecticut Department of Consumer Protection made § 20-325a applicable to co-brokers through Conn. Dept. Reg. CT Page 2510-M § 20-328-6a, which states that "[f]or all instruments other than listing agreements, the licensee, for the protection of all other parties, shall use his or her best efforts to assure that all contractual commitments regarding real estate transactions with which the licensee is associated are in writing, dated, and express the agreement of the parties." This regulation, however, only requires the licensee to use its best efforts to put agreements in writing, and, furthermore, does not expressly bar an action when such agreements are not in writing, as in General Statutes § 20-325a(b).
Thus, § 20-325a(b) does not bar an action based on an unwritten co-brokerage agreement, and the plaintiff therefore does have standing, and the allegations of count one are legally sufficient to state a claim upon which relief can be granted.
The defendant also argues that the plaintiff's CUTPA claim is legally insufficient because it is an attempt to circumvent the bar of § 20-325a. However, since § 20-325a does not bar actions based upon co-brokerage agreements, the CUTPA count may stand, and the defendant's motion to strike the plaintiff's complaint is denied.